# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NAME INTELLIGENCE, INC., *et al.*, | |
| Plaintiffs, | Case No.  2:10-cv-01202-RCJ-GWF |
| vs. | **ORDER** |
| LAUCHLIN McKINNON; JEFF EHLERT, | Motion to Strike Plaintiffs' 26(a)(2) Disclosure Statement - #95 |
| Defendants. | |

This matter comes before the Court on Defendant McKinnon's Emergency Motion to Strike Plaintiffs Name Intelligence, Inc. and Jay Westerdal's Rule 26(a)(2) Disclosure Statement (#95), filed on February 24, 2012; Defendant Jeff Ehlert's Joinder to Motion to Strike Plaintiffs Name Intelligence Inc. and Jay Westerdal's Rule 26(a)(2) Disclosure Statement (#102), filed on March 8, 2012; Plaintiffs' Opposition to McKinnon's Emergency Motion to Strike Plaintiffs' Rule 26(a)(2) Disclosure Statement (#103); Defendant Vannozzi's Joinder to Defendant McKinnon's Motion to Strike Plaintiffs' Name Intelligence, Inc. and Jay Westerdal's Rule 26(a)(2) Disclosure Statement (104), filed on March 9, 2012; and McKinnon's Reply to Plaintiffs' Opposition to Emergency Motion to Strike Rule 26(a)(2) Disclosure Statement (#106), filed on March 19, 2012.  The Court conducted a hearing on this matter on March 28, 2012  and orally granted the Defendant's Motion (#95).  This Order follows.

Federal Rule of Civil Procedure 26(a)(2)(B) requires the parties to disclose the identity of each expert witness "accompanied by a written report prepared and signed by the witness."  Where a party fails to meet their burden of showing that the untimely disclosure was justified  or harmless, exclusion of the report  becomes a "self-executing," "automatic" sanction to "provide[ ] a strong

.

inducement for disclosure of material...." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed.R.Civ.P. 37 advisory committee's note (1993)).

      Here, Plaintiffs Name Intelligence and Jay Westerdal disclosed their expert report one day after the expert disclosure deadline. The untimely disclosure however consisted solely of a one-page curriculum vitae of the expert witness. *See Defendant's Motion (#95)* at Exhibit A. There was no written report as required by Rule 26(a). The Court therefore finds Plaintiffs' expert disclosure was improper and untimely. The Court further finds that Plaintiffs failed to meet their burden of showing that the untimely disclosure was justified or harmless. The Court will therefore grant Defendant McKinnon's Motion to Strike (#95). This Order incorporates all the findings made at the hearing not otherwise mentioned herein. Accordingly,

      **IT IS HEREBY ORDERED** that Defendant McKinnon's Emergency Motion to Strike Plaintiffs Name Intelligence, Inc. and Jay Westerdal's Rule 26(a)(2) Disclosure Statement (#95) is **granted**.

      DATED this 29th day of March, 2012.

                                                        GEORGE FOLEY, JR.
                                                        United States Magistrate Judge