# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NAME INTELLIGENCE, INC. et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> LAUGHLIN MCKINNON et al., ) <br> ) <br> Defendants. ) <br> ) | No.: 2:10-cv-01202-RCJ-GWF <br><br> **ORDER** |

A jury trial in the present matter is scheduled for July 29, 2013, and a calendar call is scheduled for July 22, 2013. The Order serves as notice to counsel of which claims the Court intends to try and which claims it intends to resolve in equity, as necessary, after trial.

The following claims by Name Intelligence, Inc. will be tried: (1) Breach of Contract under Nevada common law (against Jeff Ehlert and Lauchlin McKinnon); (2) Breach of Fiduciary Duty under Washington statute (same); (3) Sale of Unregistered Securities under Washington statute (same); (4) Securities Fraud under Washington statute; (5) Conversion under Nevada common law (against Ehlert, McKinnon, and Charles Lybarger). Those five claims will also be tried as against Michael Vannozzi on a Respondeat Superior theory. The Court will not try Name Intelligence's claims for an Accounting or Quiet Title. The Accounting remedy will be

granted (or not) based upon the verdict on the Breach of Fiduciary Duty claim. The Quiet Title claim appears to be moot, as it appears the relevant properties have been sold and only damages, if any, remain to be sorted out. To the extent the Quiet Title claim is not moot, the Court will determine it in equity after trial.

The following counterclaims against Name Intelligence will be tried, each of which arises under Nevada common law: (1) Breach of Contract (by Ehlert); (2) Breach of the Implied Covenant of Good Faith and Fair Dealing (same); (3) Quantum Meruit (by Ehlert and McKinnon). Ehlert's and McKinnon's respective counterclaims for Declaratory Judgment will be submitted to the jury as special interrogatories, and the Court will incorporate the answers into the judgment (or not), as appropriate. The Court will determine McKinnon's claim for Injunctive Relief in equity after trial.

The Court will not try Vannozzi's crossclaims against Ehlert for Indemnity and Contribution. It appears that the Contribution claim is not legally viable, as Name Intelligence has accused Vannozzi only of vicarious, not active, liability. The Court will determine the crossclaim for Indemnity in equity after trial.

The Court believes all other claims have been dismissed or summarily adjudicated. The Court will not entertain any motions or notices related to this Order. The parties may make any arguments at calendar call.

IT IS SO ORDERED.

Dated: This 19th day of July, 2013.

_____
ROBERT C. JONES
United States District Judge